**United States Bankruptcy Court**
**District of Minnesota**

In re:

                                       Chapter 13 Case
Lawrence Hubert Knoell, Jr.,        Case Number BKY. 18-43170 MER

       Debtor

## AGREED ORDER DENYING RELIEF FROM STAY

      This case is before the court on the motion of MidFirst Bank for relief from the automatic stay imposed by 11 U.S.C. § 362(a). Pursuant to the agreement of the parties, the Debtor is delinquent $3,549.60, which includes June 1, 2020 - July 1, 2020 at $1,309.30 and attorney's fees at $931.00. Further, pursuant to the agreement of the parties,

1. The Debtor agrees to pay the $3,549.60 by certified funds, directly to MidFirst Bank as follows:

    August 15, 2020 @ $591.60
    September 15, 2020 @ $591.60
    October 15, 2020 @ $591.60
    November 15, 2020 @ $591.60
    December 15, 2020 @ $591.60
    January 15, 2021 @ $591.60

2. The Debtor agrees to pay the regular monthly post-petition mortgage payment to MidFirst Bank commencing on August 1, 2020 and all subsequent payments when due for the life of the bankruptcy.

3. In the event that the Debtor fails to make any of the above payments as and when due, MidFirst Bank may be entitled to seek relief from stay by filing and serving an affidavit of default as set forth below.

4. In the event that the Debtor fails to make any of the above payments as and when due, Movant or its counsel shall serve upon the Debtor and the Debtor's attorney a Notice of Default indicating the amount of default and stating that unless default is cured within ten (10) days after service of the Notice of Default by U.S. Mail, Movant shall apply for

    relief from the automatic stay *ex parte*. If a Notice of Default becomes necessary, Movant will be entitled to $100.00 as compensation for attorney fees incurred for the notice.

5. In the event that the Debtor does not cure the default in accordance with the Notice of Default, Movant or its counsel shall provide the court with an Affidavit. The Affidavit shall state that service of the Notice of Default was sent to the Debtor and the Debtor's attorney, and that the Debtor failed to cure the default within ten (10) days after service by of the Notice of Default by U.S. Mail. Upon the filing of the Affidavit by Movant or its counsel, Movant may be granted an order lifting the automatic stay *ex parte*.

6. The Debtor is not allowed more than three defaults of this Order, and upon a fourth default, Movant or its counsel may file an Affidavit, without serving a Notice of Default giving the Debtor an opportunity to cure the default, establishing the Debtor's default and that it is the fourth such default, and the court may enter an order *ex parte* terminating the automatic stay.

7. In the event that this case converts to a Chapter 7 bankruptcy, a breach of agreement will have occurred, and upon filing an affidavit that the loan is not paid current contractually, Movant will be entitled to an *ex parte* order for relief from the stay without further notice.

8. In the event that the Debtor is discharged or the case is dismissed as to the Debtor, the terms of this Order shall cease to be effective.

IT IS ORDERED: The motion is denied.

Dated:_____*July 30, 2020*_____        ___*/e/ Michael E. Ridgway*___

                                                                         Michael E. Ridgway
                                                                         Chief United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *07/30/2020*
Lori Vosejpka, Clerk, by MJS